IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER O'QUINN,

        Petitioner,

vs.

MICHAEL P. ATCHISON,

        Respondent.               Case No. 3:12-cv-746-DRH

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    Petitioner, currently incarcerated in the Menard Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 to challenge the constitutionality of his confinement. In this action, Petitioner challenges his April 6, 2001, conviction for first degree murder, in the Circuit Court of Madison County, Illinois, and resulting 70-year sentence of imprisonment.

    Petitioner seeks habeas review on eleven grounds:  1) he was denied his right to a speedy trial and received ineffective assistance of counsel in a 3-year delay before his trial; 2) the state court erred in denying his petition for post-conviction relief without an evidentiary hearing; 3) perjured testimony was used to indict him; 4) he never received a *Miranda* warning; 5) the trial court erred in failing to address his claim of actual innocence; 6) the appellate court erred by not allowing him to file a *pro se* supplemental brief; 7) his trial counsel was ineffective in rushing the filing of a motion to reduce sentence; 8) his appellate counsel was

ineffective in failing to raise meritorious issues on appeal; 9) his post-conviction counsel was ineffective; 10) his post-conviction appellate counsel was ineffective; and 11) the trial court erred in allowing the prosecution to use a special interrogatory to determine the victim's age. Petitioner asserts he has exhausted his state court remedies with respect to the claims raised in his federal habeas petition. Furthermore, he appears to have filed his petition in a timely manner.

**IT IS HEREBY ORDERED** that Respondent shall, within thirty (30) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. This preliminary Order directing a response does not preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois 60601 shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts during the

pendency of this action.  This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.  Failure to provide such notice may result in dismissal of this action.  See FED. R. CIV. P. 41(b)

**IT IS SO ORDERED.**

Signed this 27th day of August, 2012.

                                              Digitally signed by David R. Herndon
Date: 2012.08.27 16:16:03 -05'00'

**Chief Judge**
**United States District Judge**